# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IDA GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   Case No. CIV-20-0341-F |
| | ) |
| UNION PACIFIC RAILROAD | ) |
| COMPANY, JOSHUA J. HALL and | ) |
| JEFF HOWELL, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The court has a duty to determine its own jurisdiction. <u>Tuck v. United Services Automobile Assoc.</u>, 859 F.2d 842, 844 (10th Cir. 1988).

Subject matter jurisdiction in this removed case is premised on diversity of citizenship under 28 U.S.C. § 1332(a). Doc. no. 1, ¶ 4. To that end, Union Pacific Railroad Company's (Union Pacific Railroad's) notice of removal states that although defendants Joshua J. Hall and Jeff Howell are citizens of Oklahoma, the same state in which the plaintiff is a citizen, Hall and Howell's citizenship does not defeat diversity because they were not served in this action while it was pending in state court and because the state's time limit for service expired before removal. *Id.*, ¶¶ 3, 7-8.

This premise for jurisdiction raises questions because review of the answer filed in state court (doc. no. 3-1) shows that Hall and Howell answered the petition (along with Union Pacific) on December 2, 2019. They answered without raising

any issues, by motion or otherwise, regarding service. As a result, it presumably became unnecessary for plaintiff to show service on Hall and Howell, as to whom the issues are now, by virtue of their answer, joined for trial.[1] Further reflecting Hall and Howell's continued involvement in the case, the notice for removal indicates that these defendants consented to removal. *See*, doc. no. 1, ¶ 14 (Union Pacific obtained consent from all named defendants). Given all of this, it is not obvious to the court what basis Union Pacific has for asserting, as it does in its notice of removal, that Hall and Howell's Oklahoma citizenship may be ignored.[2]

In these circumstances it is prudent to require Union Pacific, as the party invoking the court's jurisdiction, to clarify its position regarding jurisdiction. The purpose is to avoid a situation in which, much later in this litigation or even on appeal, this court or the court of appeals discovers that jurisdiction never existed and that any judgment that might have been obtained by either set of parties is for naught—a situation which would benefit no one.

Accordingly, Union Pacific has two choices.

If, upon review, Union Pacific continues to contend that this court has jurisdiction, Union Pacific **SHALL** file a notice explaining its position. Such a notice must set out Union Pacific's position regarding the impact (or, more

---

[1] A party who is never served with process but who files a responsive pleading without challenging service, waives defenses that are based on insufficient service. *See*, 12 O.S. 2011 § 2012 (F) (the defense of insufficiency of service of process is waived if not made by motion and if not included in a responsive pleading). It is not at all uncommon for a defendant to elect, for any number of reasons, to voluntarily appear in an action without requiring service of process.

[2] The notice of removal relies on Estate of Boyd v. BNSF Railway Co., 2006 WL 8457345 (N.D. Okla. 2006). That court reasoned that plaintiff had abandoned all claims against the non-diverse defendant, Petty, so that plaintiff's claims against Petty were "dead" and his presence did not defeat diversity. *Id*. at *3. Boyd did not involve a situation like the one presented here, in which the non-diverse, unserved defendants actually answered the petition.

accurately, the lack of impact) of Hall and Howell's answer, and the impact (or lack of impact) of Hall and Howell's state of citizenship (Oklahoma) on diversity jurisdiction. The notice must cite the authorities upon which Union Pacific relies. Other relevant issues may be addressed if Union Pacific deems it important to do so. Any such notice is **DUE** fourteen days from the date of this order. Plaintiff **SHALL** respond to the notice within fourteen days of its filing. No reply brief is permitted at this time.

Alternatively, if, upon review, Union Pacific chooses not to continue to assert the existence of diversity jurisdiction in this action, Union Pacific may file a notice, **DUE** fourteen days from the date of this order, which so states. Upon the filing of that type of notice, the court will almost certainly remand.

IT IS SO ORDERED this 23rd day of July, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0341p004.docx